IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HARRIS METHODIST, FT. WORTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| SALES SUPPORT SERVICES, INC. | § | |
| EMPLOYEE HEALTH CARE PLAN and | § | |
| SALES SUPPORT SERVICES, INC., | § | |
| | § | CIVIL ACTION NO. |
| Defendants/Third-Party Plaintiffs, | § | 4:01-CV-0567-Y |
| | § | |
| V. | § | |
| | § | |
| TRANSAMERICA LIFE INSURANCE | § | |
| AND ANNUITY COMPANY, | § | |
| STANDARD SECURITY LIFE INSURANCE | § | |
| COMPANY OF NEW YORK and | § | |
| BERKLEY RISK MANAGERS, | § | |
| | § | |
| Third-Party Defendants. | § | |

## THIRD-PARTY DEFENDANT BERKLEY RISK MANAGERS' RENEWED MOTION TO STRIKE THIRD-PARTY PLAINTIFFS' ANSWER TO COUNTERCLAIM AND SUPPORTING BRIEF

Pursuant to Rules 6 and 12, Fed. R. Civ. P., Third-Party Defendant Berkley Risk Managers ("Berkley") files this Renewed Motion to Strike Third-Party Plaintiffs' Answer to Counterclaim and Supporting Brief.

### I.
### ISSUE PRESENTED

The issue presented by this motion is whether Third-Party Plaintiffs' Answer to Third-Party Defendant Berkley Risk Managers' Counterclaim ("Counterclaim Answer") (Docket No. 145), filed by Defendants and Third-Party Plaintiffs Sales Support Services, Inc. ("SSS") and

Sales Support Services Employee Health Care Plan ("Plan") on July 7, 2003, should be stricken because of its extremely tardy filing. As more particularly set forth below, the Counterclaim Answer should, in fact, be disallowed and stricken.

## II.
## BACKGROUND

Pursuant to this Court's Amended Scheduling Order (Docket No. 68), dated November 4, 2002, deadlines of October 29, 2002, March 5, 2003 and April 30, 2003, respectively, were established for seeking leave to amend third-party pleadings, completing discovery and filing motions for summary judgment. By Order, dated March 6, 2003 (Docket No. 100), this Court extended the previously established discovery deadline to April 25, 2003 for the limited purpose of taking four additional depositions.

Consistent with this Court's Amended Scheduling Order, Berkley timely sought and procured leave to file its Counterclaim against Defendants ("Counterclaim"). *See* Order Granting Leave To Third-Party Defendant Berkley Risk Managers To File Counterclaim Against Defendants (Docket No. 61), dated October 16, 2002. In its Counterclaim (Docket No. 62), which was filed on October 16, 2002, Berkley asserted, among other things, a claim for contractual indemnity against SSS and the Plan under the provisions of the operative Plan Document.

Thereafter, on April 30, 2003, Berkley timely moved for summary judgment on all of SSS and the Plan's claims against it, as well as on Berkley's claim for contractual indemnity against SSS under the Plan Document. *See* Berkley's Brief in Support of Motion for Summary Judgment ("Brief") (Docket No. 115) at 16-17. In response to Berkley's summary judgment arguments, SSS sought to avoid judgment on Berkley's indemnity claim by arguing that the scope and intent of the subject indemnity provision precluded recovery by Berkley. *See* SSS and

the Plan's Brief In Support Of Response To Berkley's Motion For Summary Judgment ("Response Brief") (Docket No. 132) at 13-15. In its Summary Judgment Reply ("Reply") (Docket No. 139) and its Motion To Strike Summary Judgment Arguments and Evidence ("Strike Motion") (Docket No. 138), both of which were filed on June 23, 2003, Berkley objected to the defenses and arguments interposed by SSS and the Plan with respect to Berkley's indemnity claim because, *inter alia*, SSS and the Plan had never filed a reply to Berkley's Counterclaim and, hence, no pleadings existed to support SSS and the Plan's defensive arguments. *See* Reply at 13; Strike Motion at 8. Moreover, as Berkley pointed out in its Reply and Strike Motion, SSS and the Plan's failure to respond to Berkley's Counterclaim for contractual indemnity rendered Berkley's indemnity claim admitted by operation of Rules 7 and 8, Fed. R. Civ. P. *See* Reply at 13; Strike Motion at 8.

On July 7, 2003, SSS and the Plan, in total derogation of applicable procedural rules and this Court's Amended Scheduling Order, filed their Counterclaim Answer without seeking any leave of court whatsoever. The only reason given for the tardy filing of the Counterclaim Answer is that:

> [T]he Counterclaim asserts no additional matters which require an answer in that the Counterclaim...simply restates Berkley's defenses in an affirmative fashion.

*See* Counterclaim Answer at 2.

SSS and the Plan's Counterclaim Answer should be stricken because it is untimely and no showing of good cause or excusable neglect for such tardiness has been shown. Moreover, permitting the Counterclaim Answer to remain on file will result in prejudice to Berkley.

## III.
## ARGUMENTS AND AUTHORITIES

**A.      The Counterclaim Answer Should Be Stricken**

In instances such as the one at bar, Rule 6(b)(2), Fed. R. Civ. P., requires a showing of "good cause," as well as "excusable neglect," in order for a party to tardily file a pleading, such

as the Counterclaim Answer at issue here.  SSS and the Plan have not made such a showing and, consequently, their Counterclaim Answer should be stricken.

Rule 6(b)(2), Fed. R. Civ. P. provides in relevant part that:

> When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown at any time in its discretion... (2) [may] upon motion made after the expiration of the specified period permit the act to be done when the failure to act was the result of excusable neglect...

As interpreted by the commentators and courts, Rule 6(b)(2) requires a showing of "good cause" and "excusable neglect" in order to provide a court with the necessary discretion to enlarge an applicable time period.  *See* 4B Wright & Miller, *Federal Practice Procedure* § 1165 (2002) and cases cited therein.  *See also Bernhardt v. Richardson-Merrell, Inc.*, 892 F.2d 440, 444 (5th Cir. 1990); *Dahlgren International, Inc. v. Baldwin Technology Corporation,* 147 B.R. 393, 406 (N. D. Tex.).  Significantly, the Fifth Circuit has determined that a misconstruction of applicable procedural rules will rarely constitute excusable neglect.  *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469-70 (5th Cir. 1998).  Likewise, former Chief Judge Barefoot Sanders has noted that addition to ignorance of applicable procedural rules, mere "inadvertence or mistake of counsel...usually will not constitute excusable neglect." *Dahlgren*, 47 B.R. at 406. Moreover, the Fifth Circuit has noted that a demonstration of a lack of prejudice, standing alone, is insufficient to satisfy the excusable neglect standard.  *See Halicki*, 151 F.3d at 469, n. 4.

Here, it is undisputed that SSS and the Plan did not file their Counterclaim Answer until seven months after it was due.   Moreover, it cannot be contested that the filing of the Counterclaim Answer occurred well after the pleading, discovery and summary judgment deadlines for this case had passed.   Still further, it cannot be contested that in filing the Counterclaim Answer, neither SSS nor the Plan sought leave to make such a filing, nor did they contemporaneously submit an accompanying motion seeking to explain their inordinate delay in responding to Berkley's Counterclaim.   Under such circumstances, the Counterclaim Answer should not be allowed and should be stricken from the record. *See Bernhardt,* 892 F.2d at 444; *Dahlgren,* 147 B.R. at 406.

Furthermore, SSS and the Plan's erroneous contention in their Counterclaim Answer that no answer is required to Berkley's indemnity claim cannot save the day. *See* Counterclaim Answer at 2.   Contrary to SSS and the Plan's assertion, a claim for indemnity is not a mere affirmative defense; instead, it is an affirmative claim for relief which must be pleaded and proved. *Federal Deposit Insurance Corporation v. Niblo*, 821 F. Supp. 441, 457 (N. D. Tex. 1993).   Consequently, once Berkley filed its Counterclaim for indemnity, SSS and the Plan were required to respond to the claim by timely filing a reply in order to avoid admission of Berkley's indemnity cause of action. *See* Rules 7 and 8, Fed. R. Civ. P.   Hence, to the extent SSS and the Plan seek to rely on their misconception regarding the necessity of responding to Berkley's Counterclaim as a ground for justifying the untimely filing of their Counterclaim Answer, the contention wholly misses the mark because as established above, ignorance and misconceptions regarding procedural rules usually do not constitute "excusable neglect." *See Halicki,* 151 F.3d at 469-70; *Dahlgren*, 47 B.R. at 406.

In short, SSS and the Plan have completely failed to establish good cause and excusable neglect in connection with the seven month delay associated with their filing of their Counterclaim Answer.   Under such circumstances, their Counterclaim Answer should be disregarded and stricken.  Such a result is particularly appropriate here, given the length of the subject delay and the fact that Berkley is effectively precluded from confronting SSS and the Plan's newly asserted defenses since all of the pleadings, discovery and dispositive motion deadlines have passed.

## IV.
## CONCLUSION AND PRAYER

For the reasons set forth above, the Defendants' Counterclaim Answer should be stricken by this Court.

WHEREFORE, Berkley respectfully prays that Defendant's Counterclaim Answer be stricken by this Court and, further, that Berkley recover such other relief to which it may show itself justly entitled.

Respectfully submitted,


By:_____
          Robert M. Candee
          State Bar No. 03738500
          Dean J. Siotos
          State Bar No. 0793018

HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, L.L.P.
6688 North Central Expressway, Suite 850
Dallas, Texas  75206-3913
(214) 219-8833
(214) 219-8866 (Fax)

ATTORNEYS FOR THIRD-PARTY DEFENDANT
BERKLEY RISK MANAGERS

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 21, 2003 and January 31, 2006, I discussed this motion with Richard E. Aubin, lead counsel for Third-Party Plaintiffs' Sales Support Services, Inc. and Sales Support Services, Inc., Employee Health Care Plan, and was advised that Sales Support and the Plan oppose this motion.

_____
Robert M. Candee

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2006, a true and correct copy of the foregoing document was served on the following in accordance with the Federal Rules of Civil Procedure:

Richard E. Aubin
Vial, Hamilton, Koch & Knox, L.L.P.
1700 Pacific Avenue
Suite 2800
Dallas, Texas 75201-7388
ATTORNEYS FOR DEFENDANTS/THIRD-PARTY PLAINTIFFS

Lisa Manziel
Manziel Law Offices
8330 Meadow Road, Suite 100
Dallas, Texas 75231
ATTORNEYS FOR PLAINTIFFS

Andrew C. Whitaker
Andrew G. Jubinsky
Fiari Davenpoirt & Graves
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, TX 75202-3796
ATTORNEYS FOR STANDARD SECURITY LIFE
AND TRANSAMERICA LIFE

_____
Robert M. Candee

K:\35223\01\pldgs\motion to strike answer to counterclaim.doc