IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HARRIS METHODIST, FT. WORTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| SALES SUPPORT SERVICES, INC. | § | |
| EMPLOYEE HEALTH CARE PLAN and | § | |
| SALES SUPPORT SERVICES, INC., | § | |
| | § | CIVIL ACTION NO. |
| Defendants/Third-Party Plaintiffs, | § | 4:01-CV-0567-Y |
| | § | |
| V. | § | |
| | § | |
| TRANSAMERICA LIFE INSURANCE | § | |
| AND ANNUITY COMPANY, | § | |
| STANDARD SECURITY LIFE INSURANCE | § | |
| COMPANY OF NEW YORK and | § | |
| BERKLEY RISK MANAGERS, | § | |
| | § | |
| Third-Party Defendants. | § | |

## THIRD-PARTY DEFENDANT BERKLEY RISK MANAGERS' RENEWED MOTION TO STRIKE THIRD-PARTY PLAINTIFFS' SUMMARY JUDGMENT ARGUMENTS AND EVIDENCE AND SUPPORTING BRIEF

Pursuant to Rules 12 and 56, Fed. R. Civ. P., Third-Party Defendant Berkley Risk Managers ("Berkley") files this Renewed Motion to Strike Third-Party Plaintiffs' Summary Judgment Arguments and Evidence and Supporting Brief.

## I.
## BACKGROUND

On January 31, 2006, Berkley filed its Renewed Motion for Summary Judgment ("Renewed Motion")[1] and accompanying Brief ("Renewed Brief")[2] wherein it demonstrates that it is entitled to judgment as a matter of law on all of Defendants and Third-Party Plaintiffs Sales

---

[1] Docket No. 181.

[2] Docket No. 182.

Support Services, Inc. ("SSS") and Sales Support Services, Inc. Employee Health Care Plan's ("Plan") claims, as well as on Berkley's Counterclaim for indemnity under the Plan Document.

On February 28, 2006, SSS and the Plan filed their renewed summary judgment response (Docket No. 205), together with a supplemental appendix (Docket No. 207) and Third-Party Plaintiffs' Brief in Support of Response to Third-Party Defendant Berkley's Renewed Motion for Summary Judgment ("Renewed Response Brief").[3] All of SSS and the Plan's arguments, authorities and evidentiary references are contained in their Renewed Response Brief. In that Renewed Response Brief, SSS and the Plan do not contest to any significant degree the merit of Berkley's summary judgment arguments; instead, they seek to circumvent the dispositive force and effect of Berkley's Renewed Motion by disingenuously "rewriting" their pleadings so as to include unpleaded issues, claims and defenses.[4]

As more particularly set forth below, SSS and the Plan's deceptive ploy is inconsistent with applicable rules and practices and, consequently, their offending arguments and factual recitations in support thereof are objectionable and must be disregarded and stricken. Such a response by this Court is particularly appropriate here because the pleading phase of this case has been closed for over three years, discovery was cut off long ago, and to effectively deal with SSS and the Plan's unpleaded causes of action and defenses, if they should survive summary judgment, which they should not, would require a re-opening of this case and expensive out-of-state discovery, all to the significant prejudice of Berkley.[5]

---

[3] Docket No. 206.

[4] This use of unpleaded matters to avoid summary judgment is the same tactic that SSS and the Plan employed in responding to Berkley's original summary judgment motion. Berkley has expressly noted its objection and refusal to try these unpleaded matters by consent in its current summary judgment papers. *See* Renewed Motion (Docket No. 181) at p. 2, n. 2 and p. 3, n.3; Renewed Brief (Docket No. 182) at p. 2, n.2 and n.3.

[5] Pursuant to this Court's Amended Scheduling Order (Docket No. 68), dated November 4, 2002, deadlines of October 29, 2002 and March 5, 2003, respectively, were established for amending third-party pleadings and completing discovery. By Order, dated March 6, 2003, this Court extended the previously established discovery

## II.
## ARGUMENTS AND AUTHORITIES

In instances in which a party opposing a motion for summary judgment attempts to inject new issues, claims, defenses or facts into a case by way of his summary judgment response or an amended pleading, a trial court is well within its discretion in refusing to consider the newly asserted issues, claims, defenses or facts. *See Southmark Corporation v. Schulte Roth & Zabel*, 88 F.3d 311, 314-16 (5th Cir. 1996); *Wimm v. Jack Eckerd Corporation*, 3 F.3d 137, 139-142, (5th Cir. 1993); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1098-99 (5th Cir. 1980). *See also Samuels v. Wilder*, 871 F.2d 1346, 1349-51 (7th Cir. 1989). Moreover, it is particularly appropriate to reject tardily asserted issues, claims, defenses and facts, if the bases for the newly asserted contentions were known for some time prior to their assertion or the pleading or discovery phases have closed and the parties will thereby be prejudiced in their ability to confront the new material. *See Southmark*, 88 F.3d at 315-16; *Wimm*, 3 F.3d at 139-40; *Samuels*, 871 F.2d at 1351; *Layfield*, 607 F.2d at 1099.

Here, it cannot be disputed that the unpleaded claims and defenses about which Berkley complains and which are discussed below, were never raised by SSS or the Plan until they incorporated these unpleaded contentions into their original summary judgment materials. Likewise, it cannot be contested that these unpleaded causes of action and defenses were not alleged until after the pleadings and discovery phases of this case were concluded and Berkley had filed its original summary judgment motion. Still further, there is no question, given the nature of the unpleaded matters, that SSS and the Plan were well aware of the bases for their assertions from the outset of this litigation, but for some inexplicable reason, never alleged them. Finally, it cannot be disputed that Berkley will be prejudiced in its ability to meet SSS and the

---

deadline to April 25, 2003 for the limited purpose of taking four additional depositions. Hence, by Orders of this Court, third-party pleadings were closed on October 29, 2002 and all discovery was cut off as of April 25, 2003.

Plan's contentions, if they are considered and survive summary judgment, either because all pleadings and discovery have been cut off or because the parties will have to return to New Jersey and Pennsylvania to re-depose SSS, the Plan, Berkley's former employees and the insurance broker for SSS and the Plan, which persons include William Grenker, Karen Herman, Judie Goodliffe, Katheryn Ingenito and Christopher Sillito, as they are the individuals with factual knowledge regarding the unpleaded matters.

Given the circumstances of this case, including SSS and the Plan's timing and unexplained delay in asserting their unpleaded matters and the resultant prejudice that will befall Berkley, this Court, consistent with the teachings of the foregoing authorities, should disregard and strike the unpleaded claims, defenses and allegedly supporting evidence proffered by SSS and the Plan in their Renewed Response Brief.

## A.    Breach of Fiduciary Duty

In Berkley's Renewed Brief,[6] it establishes that the breach of fiduciary duty claim asserted by the Plan under ERISA is defective as a matter of law. *See* Renewed Brief at 3-11. In their Renewed Response Brief,[7] however, SSS and the Plan seek to avoid the entry of judgment on the fiduciary cause of action by deceptively contending that SSS has alleged in their First Amended Third-Party Complaint ("Amended Complaint"),[8] which is their live pleading, a state law breach of fiduciary duty claim. *See* Renewed Response Brief at 7-9. The contention is devoid of merit.

As concerns the fiduciary pleadings at issue here, the Amended Complaint states, in full, that:

By virtue of its role as the third-party administrator of the **Plan** and pursuant to 29

---

[6] Docket No. 182.

[7] Docket No. 206.

[8] Docket No. 53.

U.S.C. §1002 [of ERISA], Berkley is a fiduciary of the **Plan** and owes the **Plan** fiduciary duties. Accordingly, in the event that the **Plan** is liable to Plaintiff and in the further event that the Insurers are not liable to the **Plan**, in whole or in part, then Berkley has breached its fiduciary duties to the **Plan** thereby causing damages to the **Plan** for which **it** seeks recovery herein. (emphasis added)

*See* Amended Complaint at ¶ 21.

As can be readily determined from a review of the foregoing claim, the cause of action alleged is being asserted solely by the Plan; there is absolutely no mention of SSS or any state law claim. The fact that references to "SSS" or "Defendants" are totally lacking from these fiduciary allegations is particularly enlightening since SSS, the Plan and Defendants are specifically defined in the Amended Complaint[9] and all of the other claims asserted therein are alleged on behalf of "Defendants", *i.e.*, both SSS and the Plan, and not just on behalf of the "Plan," like the fiduciary claim at issue here. *See* Amended Complaint at 1, 5-8.

In short, despite SSS and the Plan's unfounded assertion to the contrary, SSS has not asserted any fiduciary claim. This Court, therefore, should disregard SSS's alleged fiduciary claim and strike all contentions and associated arguments and facts from the Renewed Response Brief.

**B.     Fraudulent Concealment/Discovery Rule**

In its Renewed Brief, Berkley establishes its entitlement to summary judgment on SSS and the Plan's negligence and negligent misrepresentation claims on several grounds, including the running of the applicable statute of limitations. *See* Renewed Berkley Brief (Docket No. 182) at 13-15. In a disingenuous attempt to side-step the dispositive effect of Berkley's limitations argument, SSS and the Plan imply that the statute of limitations was tolled by Berkley's alleged concealment of its negligent acts and the fact that Berkley's negligence was inherently unknowable. *See* Renewed Response Brief (Docket No. 206) at 11-12. SSS and the

Plan's tolling arguments constitute nothing more than an objectionable attempt to insert two unpleaded issues into this controversy, namely fraudulent concealment and the discovery rule.

Fraudulent concealment constitutes an affirmative defense to Berkley's statute of limitation defense and as such, it must be specifically pleaded. *See Placid Oil Co. v. Professional Geophysics, Inc.*, 932 F.2d 394, 399 (5th Cir. 1991). On the other hand, although the discovery rule is not required to be pleaded with specificity in federal court, a plaintiff seeking to rely on the rule to defer the running of limitations must nevertheless "plead sufficient facts to put the defense on notice of the theories on which the complaint is based." *See Continental Penn Insurance Co. v. Market Planners Insurance Agency, Inc.,* 1 F.3d 374, 376 (5th Cir. 1993), *quoting, Simpson v. James,* 903 F.2d 372, 375 (5th Cir. 1990). *See also S.V. v. R.V.,* 933 S.W.2d 1, 6 (Tex. 1996) (explaining that the concept of "inherently unknowable" is part of the discovery rule).

Here, however, SSS and the Plan have wholly failed to plead any such matters. *See* Amended Complaint (Docket No. 53). In fact, even the most cursory review of the Amended Complaint readily demonstrates that there are no allegations or references whatsoever to fraudulent concealment, the discovery rule or any facts which would even remotely suggest that SSS or the Plan are contending that the applicable statute of limitations should be tolled or otherwise deferred. Consequently, SSS and the Plan cannot now inject these matters into the summary judgment mix. All references to SSS and the Plan's fraudulent concealment and discovery rule contentions, therefore, must be disregarded and stricken from their Renewed Response Brief.

## C.   **Breach of Contract**

Berkley demonstrates in its renewed summary judgment papers that it is entitled to

---

[9] In the Amended Complaint, SSS is defined as "SSSI," the Plan as "the Plan," and SSS and the Plan, collectively,

judgment as a matter of law on SSS's claim for contractual indemnity because, *inter alia*, the Administration Agreement pursuant to which Berkley provided claims administration services and agreed to indemnify SSS did not come into existence until well after the transactions and occurrences involved in this controversy had transpired. *See* Renewed Brief (Docket No. 182) at 19-20. In a thinly veiled attempt to avoid Berkley's summary judgment, SSS contends in its Renewed Response Brief (Docket No. 206) that it has asserted, in addition to a claim for contractual indemnity, a cause of action for breach of contract. *See* Renewed Response Brief at 13-14. SSS's contention that it has pleaded a breach of contract claim is untenable.[10]

SSS's claim regarding contractual indemnity is set forth in paragraph 17 of the Amended Complaint (Docket No. 53), which states, in full, that:

### A.    Claims Against All Third-Party Defendants.

In the event that Defendants are liable to Plaintiff, Defendants had **contracts** by which the Insurers agreed to **reimburse** Defendants for any such liability. Likewise, Defendants had **a contract** with Berkley to administer the Plan and to **indemnify** the Defendants. Accordingly, to the extent Defendants are found to have any liability to Plaintiff, the Insurers and/or Berkley, individually or together, in whole or in part, are liable to the Defendants. All conditions precedent to **payment** have been met. (emphasis added)

As can be gleaned from the above-quoted excerpt, SSS and the Plan are asserting claims for indemnity against the defendant carriers under their insurance contracts and, alternatively, against Berkley under the then nonexistent Administration Agreement by which Berkley allegedly agreed to "administer the Plan and...indemnify the Defendants." The fact that a breach of contract claim, as opposed to an indemnity claim, is not being asserted in the Amended Complaint is made dramatically clear by the allegations that SSS and the Plan are seeking "reimbursement,", "indemnity" and "payment", all of which are indemnity concepts, rather than "recoveries" or "damages", which are contractual notions, and by the glaring absence of the

---

as "Defendants". *See* Amended Complaint at 1.

word "breach" or the phrase "breach of contract," as well as the lack of any allegation specifically stating what alleged conduct constituted a breach of some provision of some alleged contract.

In sum, SSS's unwarranted attempt to avoid summary judgment by improperly categorizing its allegations regarding contractual indemnity as also asserting a breach of contract claim does not wash and, hence, the breach of contract contentions, arguments and facts contained in the Renewed Response Brief should be disregarded and stricken.

**D.   Berkley's Contractual Indemnity**

By way of its renewed summary judgment, Berkley shows that it is entitled to contractual indemnity from SSS under the Plan Document.   *See* Renewed Brief (Docket No. 182) at 24-25.   SSS attempts to make an end run around Berkley's indemnity claim by advancing various propositions regarding the scope and intent of the referenced document.   *See* Renewed Response Brief (Docket No. 206) at 16-17.   SSS's arguments should be of no moment because SSS and the Plan's tardily filed Counterclaim Answer (Docket No. 145) should be stricken and, hence, Berkley's indemnity allegations admitted.   *See* Berkley's Renewed Motion to Strike Counterclaim Answer and Supporting Brief (Docket No. 180).   *See also* Rule 7(a) Fed.R.Civ.P. (mandating that there "shall be a reply to a counterclaim"); Rule 8(a), Fed.R.Civ.P. ("Averments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading.")   Hence, SSS's attempt to raise defenses to Berkley's indemnity claim should be foreclosed and, consequently, its belatedly asserted defenses should be disregarded and stricken.

### III.
### CONCLUSION AND PRAYER

For the reasons set forth above, the contentions, arguments and alleged "evidence"

---

[10] It is undisputed that Berkley never entered into any contract with the Plan.

offered by SSS or the Plan in their Renewed Response Brief in support of their unpleaded claims and defenses should be disregarded and stricken by this Court.

WHEREFORE, Berkley respectfully prays that all of the offending contentions, arguments and "evidence" contained in SSS and the Plan's Renewed Response Brief be disregarded and stricken by this Court and, further, that Berkley recover such other relief to which it may be justly entitled.

Respectfully submitted,


By:_____
       Robert M. Candee
       State Bar No. 03738500
       Dean J. Siotos
       State Bar No. 0793018

HENSLEE, FOWLER, HEPWORTH
& SCHWARTZ, L.L.P.
6688 North Central Expressway, Suite 850
Dallas, Texas 75206-3913
(214) 219-8833
(214) 219-8866 (Fax)

ATTORNEYS FOR THIRD-PARTY
DEFENDANT BERKLEY RISK
MANAGERS

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 14, 2006, I discussed the substance of this motion with Richard E. Aubin, lead counsel for Third-Party Plaintiffs' Sales Support Services, Inc. and Sales Support Services, Inc., Employee Health Care Plan, and was advised that Sales Support and the Plan oppose this motion.

_____
Robert M. Candee

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2006, a true and correct copy of the foregoing document was served on the following in accordance with the Federal Rules of Civil Procedure:

Richard E. Aubin
Vial, Hamilton, Koch & Knox, L.L.P.
1700 Pacific Avenue
Suite 2800
Dallas, Texas 75201-7388
ATTORNEYS FOR DEFENDANTS/THIRD-PARTY PLAINTIFFS

Lisa Manziel
Manziel Law Offices
8330 Meadow Road, Suite 100
Dallas, Texas  75231
ATTORNEYS FOR PLAINTIFFS

Andrew C. Whitaker
Andrew G. Jubinsky
Fiari Davenpoirt & Graves
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, TX 75202-3796
ATTORNEYS FOR STANDARD SECURITY LIFE
AND TRANSAMERICA LIFE


_____
Robert M. Candee