IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HARRIS METHODIST, FT. WORTH, § <br> § <br> v. § <br> § <br> SALES SUPPORT SERVICES, INC. § <br> EMPLOYEE HEALTH CARE PLAN and § <br> SALES SUPPORT SERVICES, INC., § <br> § <br> v. § <br> § <br> TRANSAMERICA LIFE INSURANCE § <br> AND ANNUITY COMPANY, § <br> STANDARD SECURITY LIFE INSURANCE § <br> COMPANY OF NEW YORK and § <br> BERKLEY RISK MANAGERS, § | CIVIL ACTION NO. <br> 4:01-CV-0567-Y |

**THIRD-PARTY DEFENDANT BERKLEY RISK MANAGER'S BRIEF
IN SUPPORT OF RULE 60(A) MOTION OR, ALTERNATIVELY,
RULE 59(E) MOTION TO ALTER OR AMEND JUDGMENT**

Third-Party Defendant Berkley Risk Managers files this Brief in Support of Rule 60(a) Motion or, Alternatively, Rule 59(e) Motion to Alter or Amend Judgment.

**I.
BACKGROUND**

1.  On September 29, 2006, this Court handed down its Order Granting Renewed Motion for Summary Judgment and Motion to Strike Response to Summary Judgment Motion ("Order") [DN 231], pursuant to which this Court granted Berkley's Renewed Motion for Summary Judgment ("Motion") [DN 181]. Berkley moved in its Motion for summary judgment not only on all of the claims asserted against it by Defendants Sales Support Service, Inc. ("Sales Support") and Sales Support Services, Inc. Employee Health Care Plan ("Plan"), but also on its counterclaim for contractual indemnity against Sales Support under the Plan Document. *See*

1

Order [DN 231] at 9. This Court ruled in favor of Berkley on both its defenses, as well as its counterclaim for contractual indemnity:

> According, Berkley's Renewed Motion for Summary Judgment [docket number 181] is GRANTED. Furthermore, Berkley is entitled to indemnity from Sales Support under the terms of the Plan....

*See* Order [DN 231] at 10-11.

2. On December 28, 2007, this Court entered its Final Judgment [DN 241]. The Final Judgment awards Plaintiff relief, denies Defendants Sales Support and the Plan relief against Berkley and the other third-party defendants and declares Defendants Sales Support and the Plan liable for costs under 28 U.S.C. § 1920, but the Final Judgment does not recite Berkley's entitlement to recover contractual indemnity against Sales Support under the Plan Document, as previously ordered.

## II.
## ARGUMENTS AND AUTHORITIES

3. Rule 60(a), FED.R.CIV.P., provides, in pertinent part, that:

> [M]istakes in judgments...arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party....

Rule 60(a), FED.R.CIV.P. Here, a comparison of the Court's prior Order [DN 231] and the Final Judgment [DN 241] suggests that through oversight, Berkley's recovery against Sales Support for contractual indemnity was inadvertently omitted from the Final Judgment. Pursuant to Rule 60(a), therefore, the Final Judgment should be corrected to reflect Berkley's entitlement to recover contractual indemnity from Sales Support, as previously determined by the Court. *See Hodge v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (explaining propriety of Rule 60(a) motion to correct judgment that does not accurately reflect court's actual decisions).

4. Rule 59(e), FED.R.CIV.P., provides for the alteration or amendment of judgments. Subject to and without waiving its Rule 60(a) request, Berkley moves this Court in the alternative to alter or amend the Final Judgment so as to incorporate Berkley's entitlement to recover contractual indemnity from Sales Support, as memorialized in this Court's prior Order [DN 231].

## III.
## CONCLUSION

For the reasons set forth above, the Final Judgment should be corrected to include Berkley's entitlement to contractual indemnity from Sales Support.

Respectfully submitted,

By: /s/ Robert M. Candee
    Robert M. Candee
    State Bar No. 03738500
    Dean J. Siotos
    State Bar No. 0793018

HENSLEE SCHWARTZ LLP
6688 N. Central Expressway, Suite 850
Dallas, TX 75206-3913
(214) 219-8833
(214) 219-8866 (Fax)

ATTORNEYS FOR THIRD-PARTY DEFENDANT
BERKLEY RISK MANAGERS

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January 2008, a true and correct copy of the above and foregoing document was served on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

Richard Aubin
Law Office of Richard E. Aubin, P.C.
8117 Preston Road, Suite 300
Dallas, TX 75225

Lisa Manziel
Manziel Law Offices
8330 Meadow Road, Suite 100
Dallas, TX 75231

Andrew C. Whitaker
Andrew G. Jubinsky
Figari Davenport & Graves
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, TX 75202-3796

                                                   */s/ Robert M. Candee*
                                                   Robert M. Candee